JESUS TOREZ v. THE STATE.

No. 5632. Decided January 14, 1920.

**Burglary—Continuance—Motion for New Trial—Impeachment.**

Where, upon trial of burglary, the record on appeal showed that the application for continuance was good on its face; that the diligence was ample, and the testimony material; that the affidavit of the absent witness attached to the motion for new trial fully verified the allegations in the motion, a new trial should have been granted, although there was a discrepancy between this affidavit and the testimony given at the hearing on the motion for new trial as it disclosed important testimony tending to corroborate the defendant in his defense, and was not simply of an impeaching character. Following: Bains v. State, 42 Texas Crim. Rep., 513, and other cases.

Appeal from the District Court of Midland. Tried below before the Hon. Chas. Gibbs, judge.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*B. W. Baker*, for appellant.—Cited Wilman v. State, 63 Texas Crim. Rep., 623, 141 S. W. Rep., 110; Boydston v. State, 64 Texas Crim. Rep., 159, 141 S W. Rep., 939; Roberts v. State, 65 Texas Crim. Rep., 62, 143 S. W. Rep., 614; Sharp v. State, 61 Texas Crim. Rep., 247, 134 S. W. Rep., 333; Harris v. State, 76 Texas Crm. Rep., 155, 172 S. W. Rep., 1146; Loggins v. State, 67 Texas Crim. Rep., 438, 149 S W. Rep., 170.

30—86 T. C. R.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—
Cited Cunningham v. State, 20 Texas Crim. App., 162; Spann v.
State, 61 Texas Crim. Rep., 63; Stoner v. State, 72 id., 482.

MORROW, JUDGE.—The conviction is for burglary. A piece of
furniture, which was identified as having been taken from the bur-
glarized premises, was found among the household effects of the ap-
pellant which were stored in a house rented by him in Midland. Mid-
land was his place of residence, but at the time of his arrest he was
engaged in work at a distant place, and had stored his effects pend-
ing his return. The State relied mainly upon the testimony of Es-
tevanos Petes and his wife Marie Petes, who testified to circumstances
tending to connect the appellant with the offense. He relied almost
exclusively upon his own testimony to establish his defense, which
was the alleged innocent purchase of the property from the witness
Petes. The premises of Petes were searched some time after the bur-
glary, as being suspected, and neither he nor his wife at that time
made any declaration inculpating appellant who at that time resided
in Midland; but some time subsequent to his departure his arrest and
prosecution was brought about by information given by Petes. There
was also evidence of bad feeling between Petes and appellant.

The indictment was returned on the third day of September and
the arrest was made on the fourth of the same month, appellant at
the time being in Denton County. His trial began on the eighth
day of September, and on the sixth of that month he obtained the is-
suance of a subpoena for a witness who resided in Midland County,
which was on the eighth day of September returned not served, with
the statement that the witness was out of the county. An applica-
tion for a continuance was made showing that the appellant had been
diligent in his efforts to secure the attendance of the witness, and
stating that he had learned that the witness was in Mitchell County
temporarily; and that by him he expected to prove that the witness
was a frequent visitor to the appellant's house while he resided in
Midland, and that the article of furniture in question was openly ex-
posed to view, was allowed to remain on his premises unlocked, that
no effort was made by appellant to conceal it, and that while the ap-
pellant had had no opportunity in the short time since his arrest to
talk to the witness, he believed he would testify and expected to
prove by him that the property was acquired from the witness Es-
tevanos Petes. This motion was overruled, and upon a motion for a
new trial the affidavit of the witness was produced, in which the wit-
ness stated that he had gone from the town of Midland to the town
of Colorado in Mitchell County on the first day of September with
no knowledge of appellant's indictment, and returned on the tenth
of the same month. The affidavit verified the allegation of appellant
as to the open use of the property in his home; and in it it was
stated that the appellant had bought the article of furniture in ques-

tion from Estevan Petes. Therefrom we quote: "I heard them talking about the fact both before and after it was paid for, and I heard Estevan Petes say just after he sold the same to Torez that he had sold it and it had been paid for." The motion was controverted, and the witness testified as follows: "My name is Juan Ramaris, I know the defendant, Jesus Torez, I was subpoenaed as a witness in said cause. The Sheriff did not tell me to come to Midland, I came here myself. I came to talk to Jesus and his lawyer. I made that affidavit, (Mr. Garrard exhibiting document) I signed that with my mark. I know that Steve Petes sold the dresser to Jesus Torez, Steve Petes' wife told me that Steve sold that dresser to Jesus Torez. I never talked to Steve about it myself, but Steve's wife told me that Steve sold that dresser to Jesus." The application for continuance was good on its face. The diligence was ample, and the testimony material. The witness' affidavit attached to the motion for a new trial fully verified the allegations in the motion. There is a discrepancy between his affidavit and his testimony given at the hearing on the motion for a new trial to the point that in one he claimed to have been told by Petes of the sale, and the other to have been told by the wife of Petes. This discrepancy, we think, does not justify the trial judge in overruling the motion for a new trial. In both the affidavit and the testimony of the witness on the hearing of the motion, he discloses important testimony tending to corroborate the appellant in his testimony supporting his defense, and to contradict the witnesses for the State, not by way of impeachment merely, but by facts tending to establish the innocence of the appellant. The discrepancy mentioned would have been a fact to be considered by the jury as bearing upon the credibility of his testimony, but it does not authorize the trial judge to determine without the intervention of a jury the issue of fact against the appellant. See Bains v. State, 42 Texas Crim. Rep., 513; Morgan v. State, 5 Texas Crim. Rep., 545; Branch's Annotated Penal Code, Sec. 536, and cases listed; Cox v. State, 5 Texas Crim. App., 118; Roquemore v. State, 54 Texas Crim. Rep., 594; Branch's Annotated Penal Code, Sec. 335. The importance of the absent testimony is emphasized by the fact that it tended to corroborate the testimony of the appellant given upon the trial. See Koller v. State, 36 Texas Crim. Rep., 499; Beard v. State, 55 Texas Crim. Rep., 154; Branch's Annotated Penal Code, Sec. 329.

Upon the record presented we are of the opinion that a new trial should have been awarded. The judgment is reversed and the cause remanded.

*Reversed and remanded.*